UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| SHERYL BROWN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:08-CV-209-KSF |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT, ALLSTATE INSURANCE** |
| ALLSTATE INSURANCE COMPANY | ) | **COMPANY'S MOTION TO** |
| | ) | **EXCLUDE PLAINTIFF'S** |
| Defendant. | ) | **EXPERT WITNESSES** |
| | ) | |

The Defendant Allstate Insurance Company ("Allstate") hereby moves this Court to preclude the Plaintiff, Sheryl Brown ("Brown") from calling any experts in her case-in-chief and/or utilizing a fire causation expert in rebuttal. In further support of this Motion, Allstate states as follows:

**FACTUAL BACKGROUND**

**1.  Brown's Complaint and Allstate's Answer and Counterclaim.**

In her Complaint Brown alleges that Allstate improperly denied her insurance claim following an April 29, 2007 fire which partially destroyed her Madison County, Kentucky home. In addition to the proceeds of the policy, Brown also seeks a recovery of damages for what which she contends was Allstate's bad faith in denying her claim. (Dkt No. 1, Ex. 1). Allstate denied these contentions in its Answer, instead contending that its claim investigation unearthed ample evidence that Brown was involved in intentionally setting a fire to her home to obtain insurance proceeds from a policy which she knew was scheduled to expire on April 30, 2007, the day after the fire, and that this justified the denial of Brown's claim. Allstate has itself filed a Counterclaim against Brown, seeking reimbursement for the monies Allstate paid to Brown's lender to satisfy the mortgage on the property. (Dkt. No. 3).

**2.     The Court's July 14, 2008 Order for Simultaneous Expert Disclosure Deadlines.**

As this Court is well aware, the parties in their Joint Meeting Report, filed July 11, 2008, recommended that the Court set staggered expert deadlines which would permit the Plaintiff to designate experts first, the Defendant thereafter, and then a later deadline for rebuttal experts. (Dkt. No. 7). However, this Court rejected those recommendations. In its July 14, 2008 Scheduling Order, this Court instead imposed simultaneous expert disclosure deadlines whereby both parties were required to identify their experts and exchange their Rule 26(a)(2)(B) reports by October 16, 2008 and both parties would thereafter be permitted to designate rebuttal experts and serve rebuttal reports thirty (30) days later. (Dkt. No. 8). Clearly, in imposing simultaneous disclosure deadlines, the Court envisioned that both parties would designate any experts they would use in their case in chief on October 16th and then any expert the parties would want to use solely to rebut the others primary expert would be identified by November 17th, along with their rebuttal report.

**3.     The October 16, 2008 Disclosures.**

On or about the October 16th deadline, Allstate identified three experts it intended to call at the trial of this action in its case-in-chief: (1) Paul Gray, a fire investigator, who reviewed the home and fire debris at the time of the loss and concluded the fire had an incendiary cause (along with his June 5, 2007 and January 11, 2008 reports); (2) Scott Jones, an electrical engineer, who also investigated the fire and ruled out any electrical cause for the fire (along with his January 14, 2008 report); and (3) Dr. Peter Kensecki, a Professor of Insurance at Eastern Kentucky University, who has reviewed the file materials and determined that Allstate acted reasonably in denying Brown's claim based on its claim investigation. All provided expert reports which were served on counsel for Plaintiff.

While Allstate promptly and properly identified its experts by the October 16th deadline, Plaintiff Brown did not. She filed a two page document entitled "Plaintiff's Disclosure of Experts" but which in no way complied with the requirements of an expert disclosure under Fed. R. Civ. P. (a)(2)(B). In it, the Plaintiff indicated she was "unable" to identify any experts or provide an expert disclosure by the deadline. She further opined that it was Allstate who has the burden of proof on arson. She further stated that she "has not had the time to determine whether or not an expert will be retained" but "in the event that an expert is necessary to prove the case of the Plaintiff" she would likely use "Trace Fire Protection and Safety Consultants" and that would be in rebuttal. (Dkt. No. 10).

    **4.**    **The Plaintiff has Had Possession of Allstate's Fire Causation Expert Reports Since July 2008.**

Brown's current contentions that she "has not had time to determine whether or not an expert will be retained" and seemingly does not yet know whether an expert "is necessary to prove the case of the Plaintiff" is the same thing she has been saying for months. In her Fed. R. Civ. (a)(1) Initial Disclosures served on July 19, 2008, Brown stated:

> The Plaintiff has not retained the services of any expert at this time because the Plaintiff does not know and understand the reason her claim under the insurance policy was denied; and the Defendant has not provided any documentation of the expert opinions or investigations upon which it has relied in denying the claim. Once the disclosures of experts have been made by the Defendant, Plaintiff will make a determination whether or not experts are necessary to prove her claim and will disclose those experts and expert opinions in a timely fashion.

(*See* Rule 26 Response of the Plaintiff, attached as Exhibit 1).

In reality, Brown has long known the reasons for Allstate's claim denial. On January 30, 2008, more than eight (8) months ago, Allstate sent her a long letter detailing the reasons for the denial of her claim. (Dkt. No. 1, Ex. A to Ex. 1). On July 18, 2008 (or three (3) months ago),

3

Allstate served responses to written discovery (seeking in part "copies of all reports …concerning expert opinions of any investigation of the fire which brought about the losses sustained by the Plaintiff"), and at that time it produced copies of both Paul Gray and Scott Jones's fire causation reports which Allstate received during its claim investigation of the Brown fire. (*See* Allstate's Response to Request for Production of Documents No. 8 and Letter dated July 18, 2008, attached as Exhibit 2). In other words, Plaintiff has known about the experts Allstate relied upon for its claim denial long ago and has even had their reports for the last three months. She has had ample time to determine whether she needs an expert or not.

## ARGUMENT

**1. Fed. R. Civ. P. 26(a)(2) and the Court's July 14, 2008 Order Mandate that Plaintiff Identify and Provide a Report for Any Expert the Plaintiff Intends to Use In her Case-in-Chief.**

As this Court is well aware, Fed. R. Civ. P. 26(a)(2)(A) (emphasis added) states that parties "*must*" disclose to their adversary the identity of any expert witness who will offer opinion evidence at trial, and Fed. R. Civ. P. 26(a)(2)(B) (emphasis added) further states that this disclosure "*must*" be accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case . . ." The report must contain certain information, including the opinions the expert intends to offer, the data they based their opinion upon, how much they are being paid for their testimony, and a list of other cases they have testified in as an expert and/or the publications they have authored. As set forth in Fed. R. Civ. P. 26(a)(2)(B), the only exception permitting a party to avoid these obligations is if this Court "stipulated or ordered" otherwise. If a party fails to provide the information or disclose witnesses as required by Fed. R. Civ. P. 26(a), that party "is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The rationale behind the Rule is stated in the 1993 Advisory Committee Notes, which read:

> This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses….Paragraph (a)(2)(B) requires that persons . . . *must* prepare a detailed and complete written report . . . .The information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.

*See* Fed. R. Civ. P. 26, 1993 Notes of Advisory Committee ¶¶ 15-16 (emphasis added).

Brown does not have the luxury to continue to wait to decide whether she needs an expert to prove her case and/or will call any experts in her case-in-chief. Instead, the Civil Rules and the Court's Order with simultaneous disclosure deadlines imposed a "drop dead" date of October 16, 2008 to name experts. Had the Court intended otherwise it would not have rejected the parties' own suggested staggered deadlines and imposed simultaneous disclosures. Brown did not meet the October 16th deadline and provided no report from any expert by the deadline. Fed. R. Civ. P. 37(c)(1) thus requires that this Court enter an Order precluding Plaintiff from utilizing the expert she mentioned she might use (Trace Fire Protection) or any subsequently identified experts in her case-in-chief. "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998). The burden of proving harmlessness is on the potentially sanctioned party. *Roberts v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003).

Brown does not even attempt to prove "justification" or "harmlessness," nor can she. She is the one who filed the bad faith claim (and has the burden on that claim), and she has had possession of Allstate's claim file since July, 2008 and thus had the records showing the basis for Allstate's claim decisions. She also knew since July that she had until October 16th to locate an expert on her entitlement to the proceeds of her policy and on bad faith. She had no "justification" to continue to wait to make a decision on whether an expert was needed. And certainly her failure is not "harmless." In light of the simultaneous disclosure deadlines, if the Plaintiff is permitted to wait until rebuttal to name experts it foils Allstate's ability to rebut any such "rebuttal" testimony. That was not anticipated by the Court and is prejudicial to Allstate. For all the reasons stated herein, this Court should grant Allstate's Motion to preclude Plaintiff from using any experts in her case-in-chief to either pursue her claims for contract damages or bad faith.

**2. The Plaintiff Should be Precluded from Waiting Until the Rebuttal Deadline to Name Experts and Thereby Deprive Allstate of the Opportunity for Rebuttal.**

Brown's recent disclosure sends mixed messages about needing an expert in her case-in-chief. On the one hand, she suggests she does not need an expert to meet her burden on her contract claim and that Allstate has the burden of proof on arson. On the other, she talks about needing time to determine if she needs an expert to "prove the Plaintiff's case". Regardless of whether she is attempting to preserve her right to call an expert in her case-in-chief or not, Brown has lost that right by failing to comply with her obligations under the Court's July 14, 2008 Order and Fed.R.Civ. P. 26(a)(2)(B) and this Court should enter an Order precluding her from utilizing any expert in her case-in-chief on any issue.

Plaintiff is still technically entitled to identify rebuttal experts if she does so properly and pursuant to Fed.R.Civ. P. 26(a)(2) and the Court's July 14, 2008 Order. However, what the Plaintiff apparently seeks to do here is to await the rebuttal deadline to name experts (such as Trace Fire

6

Protection); and thereby effectively eliminate any right that Allstate may have to "rebut" Plaintiff's experts. This is not consistent with the Court's simultaneous disclosure deadlines and is extremely prejudicial to Allstate. For that reason, this Court should either preclude the Plaintiff from identifying rebuttal experts (particularly on the bad faith claim, where Plaintiff has the burden of proof or even for fire causation experts since the Plaintiff has long known about the expert opinions of Allstate's fire causation experts), or in the alternative, amend the Scheduling Order to permit Allstate to name rebuttal experts thirty (30) days after the Plaintiff identifies her "rebuttal" experts. To do otherwise would deprive Allstate of the right to introduce expert testimony rebutting Plaintiff's experts.

For the foregoing reasons, Allstate respectfully requests that this Court grant its Motion to Exclude Plaintiff's Experts Witnesses.

                                                               Respectfully Submitted,

                                                               /s/ Mindy G. Barfield
                                                               Mindy G. Barfield
                                                               DINSMORE & SHOHL LLP
                                                               Lexington Financial Center
                                                               250 West Main Street, Suite 1400
                                                               Lexington, Kentucky 40507

                                                               Mary Ross Terry
                                                               DINSMORE & SHOHL LLP
                                                               1400 PNC Plaza
                                                               500 West Jefferson Street
                                                               Louisville, Kentucky 40202
                                                               *Counsel for Defendant, Allstate Insurance Company*

**CERTIFICATE OF SERVICE**

      I certify that on October 28, 2008, I filed Defendant's Motion to Exclude Plaintiff's Experts Witnesses by CM/ECF which provided notice and a copy to the following attorney:

Jimmie Dale Williams, Esq.
Post Office Box 266
Richmond, Kentucky 40476-0266
*Counsel for Sheryl Brown*

      /s Mindy G. Barfield
      *Counsel for Defendant*

20665-142
LOUIS/138427.1