UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| SHERYL BROWN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:08-CV-209-KSF |
| | ) | |
| v. | ) | **DEFENDANT, ALLSTATE INSURANCE** |
| | ) | **COMPANY'S REPLY IN SUPPORT OF** |
| ALLSTATE INSURANCE COMPANY | ) | **ITS MOTION TO EXCLUDE** |
| | ) | **PLAINTIFF'S EXPERT WITNESSES** |
| Defendant. | ) | |
| | ) | |

For its Reply in further support of its motion to preclude Plaintiff, Sheryl Brown ("Brown") from calling any experts in her case-in-chief and/or utilizing a fire causation expert in rebuttal, Defendant Allstate Insurance Company ("Allstate") hereby states as follows:

Brown's original disclosures certainly sent mixed messages about whether she intended to use an expert in her case-in-chief. First of all, October 16, 2008 was the deadline for disclosure of the experts the parties intended to call in their own case-in-chief. Brown did not need to file or serve any disclosures on October 16th if she did not intend to call an expert in her case-in-chief. The fact that she did file and serve a pleading on that date suggested she intended to preserve that right. Additionally, the document Brown did file on the expert disclosure deadline stated that she "has not had time to determine whether or not an expert will be retained" [Doc 10, ¶ 3] and does not yet know whether an expert "is necessary to prove the case of the Plaintiff" [Doc 10, ¶ 4]. Again, Allstate reasonably interpreted this language to mean that Brown was attempting to preserve a right to call an expert in her case-in-chief. That was the primary reason for the filing of the instant Motion. Brown has now gone on record and has stated that she does not intend to call any expert -- whether it be on causation for the fire or on her claim for violation of the Kentucky Unfair Claims

Settlement Practices Act -- in her case-in-chief. In light of this admission (and that she utterly failed to do the things she would have otherwise needed to do pursuant to Fed.R.Civ. P. 26(a)(2)(B) in the time permitted under the Scheduling Order to preserve a right to call an expert in her case-in- chief), this Court should enter an Order precluding the Plaintiff from calling an expert in her case-in-chief on any issue.

With regard to rebuttal experts, Brown fails to address the issue raised by Allstate in its Motion; namely, that this Court clearly did not intend there to be sequenced disclosure of expert witnesses. By imposing simultaneous disclosures of both primary and rebuttal experts for both parties, the Court clearly believed it had preserved both parties' right to rebut the experts of the other. Brown's decision to await rebuttal to disclose any experts deprives Allstate of the opportunity for a rebuttal that this Court clearly intended. Brown's effort to claim she cannot afford to hire experts in her case-in-chief (yet apparently will have no problem paying a rebuttal expert) makes no sense and is irrelevant to the argument raised by Allstate. Allstate should have the right to present a rebuttal to any expert testimony presented by Brown. As such, this Court should either preclude Brown from calling a "rebuttal" expert, or in the alternative, it should amend the Scheduling Order to permit Allstate to provide a rebuttal to any experts subsequently disclosed by Brown.

For the foregoing reasons, Allstate respectfully requests that the Court grant its Motion to Exclude Plaintiff's Expert Witnesses.

                                                      Respectfully Submitted,

                                                      /s/ Mindy G. Barfield
                                                      Mindy G. Barfield
                                                      DINSMORE & SHOHL LLP
                                                      Lexington Financial Center
                                                      250 West Main Street, Suite 1400
                                                      Lexington, Kentucky  40507

        Mary Ross Terry
        DINSMORE & SHOHL LLP
        1400 PNC Plaza
        500 West Jefferson Street
        Louisville, Kentucky 40202

        *Counsel for Defendant, Allstate Insurance Company*

## CERTIFICATE OF SERVICE

    I certify that on November 6, 2008, I filed Defendant, Allstate Insurance Company's Reply in Support of its Motion to Exclude Plaintiff's Expert Witnesses by CM/ECF which provided notice and a copy to the following attorney:

Jimmie Dale Williams, Esq.
Post Office Box 266
Richmond, Kentucky 40476-0266
*Counsel for Sheryl Brown*

        /s/ Mindy G. Barfield
        *Counsel for Defendant*

20665-142
LOUIS/138938.1